The AUSTER COMPANY, Plaintiff,

v.

MORRIS GOLDMAN, INC., Defendant.

Civ. A. No. 84–C–927.

United States District Court,
E.D. Wisconsin.

March 8, 1985.

Steven R. Radtke, Chicago, Ill., for plaintiff.

James Adashek, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an appeal pursuant to 7 U.S.C. § 499g(c) from an order of the Secretary of Agriculture. The case involves a shipment of cherries from the appellant ("Auster") to the respondent ("Goldman") in June, 1982. The Secretary of Agriculture, by Judicial Officer Donald A. Campbell, found that there had been a novation to the original contract and ruled in favor of Goldman. An evidentiary hearing on the appeal was held on February 7, 1985, and both sides submitted written arguments. After reviewing all the evidence and considering the arguments of counsel, I conclude that the Secretary of Agriculture correctly ruled in favor of Goldman.

■ The cherries arrived in Milwaukee on June 15, 1982, the day they were ordered, after Goldman had closed for the day. The cherries were stored overnight in the cooler of a neighboring produce company. On the morning of June 16, the cherries were inspected by Goldman and found to contain excessive spoilage. The testimony and phone records presented by Goldman support the appellee's version of the telephone conversation that occurred that morning. I find that Auster agent William Doyle agreed to a novation of the original oral contract by telling Morris Goldman and Richard Halbeck that Goldman should handle the cherries for Auster's account.

Auster argues that once Goldman accepted the cherries by unloading them, Goldman owed the full contract price. Auster emphasizes the cherries were never independently inspected and Goldman provided no dump certificate for the spoiled cherries. At the outset, the Court notes that the acceptance and dump certificate issues were not raised in the Notice of Appeal, which noted only that the evidence did not support a finding of novation, and that the Secretary refused to reconsider based on additional evidence showing the condition of other lots of cherries.

■ Whether the cherries were accepted or even partially sold prior to the novation is not relevant, and the case law cited by Auster is inapposite. Goldman has fully accounted for the disposition of each box of cherries, including an invoice evidencing

the 75 boxes which were dumped, and has tendered the proceeds to Auster less the standard 10% commission for produce sold on account. Evidence related to the condition of other cherries is also not relevant. Goldman had no duty to order a formal inspection after Auster agreed to the novation. Viewing the evidence as a whole, I find that Goldman was authorized to sell the cherries for Auster's account, and that Goldman fully complied with the terms of that agreement.

Auster has not accepted the amount tendered by Goldman. Consequently, judgment will be entered in favor of Auster for $3,034.80. Furthermore, Goldman's reasonable attorneys' fees on appeal will be taxed as costs pursuant to 7 U.S.C. § 499g(c).

IT IS THEREFORE ORDERED that the decision of the Secretary of Agriculture is affirmed.